# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. YORDAN CHAPELLI PEDROSO, Defendant. | Case No. 10-MJ-249 <br> ORDER FOR PRETRIAL DETENTION |

On the 5th day of October, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, John L. Lane.

## RELEVANT FACTS

On October 1, 2010, Defendant Yordan Chapelli Pedroso was charged by Criminal Complaint (docket number 2) with distribution of methamphetamine.

David Hoagland, a Special Agent with Immigration and Customs Enforcement assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. On August 29, 2010, a Confidential Source ("CS") made arrangements to purchase 4 ounces of methamphetamine from Defendant and William DeJesus ("DeJesus") on the following day. On August 30, 2010, the CS and an undercover DEA agent met Defendant and DeJesus near the Lindale Mall in Cedar Rapids, Iowa. DeJesus instructed the CS and the DEA agent to go to the Casey's gas station across the street. At the Casey's, DeJesus handed a pair of shorts containing 4 ounces of methamphetamine to the CS and DEA agent. The DEA agent then called another undercover DEA agent, and instructed the second agent to bring money for the drug transaction. Upon arrival of the

1

second DEA agent, Defendant retrieved the shorts containing the methamphetamine from the CS and first agent, and handed the shorts to the second agent. The second agent gave DeJesus $6,400 in exchange for the methamphetamine. The contents of the shorts tested positive for methamphetamine.

On September 13, 2010, Defendant was arrested by the Iowa Highway Patrol. Defendant was traveling eastbound on Interstate-80 with a one-year old child in the backseat of the vehicle. The officers searched Defendant's vehicle, and found what they thought was methamphetamine in the child's baby bottle. Testing revealed no methamphetamine in the bottle. The officers also found marijuana in a used diaper. Defendant subsequently pleaded guilty to possession of marijuana. All other state charges were dismissed.

According to the pretrial services report, Defendant is 27 years old. He is a permanent resident alien in the United States as a refugee from Cuba. He immigrated to the United States in 2006. Defendant's father and two of his brothers live in Cuba. Defendant's mother, sister, and a third brother live in Denver, Colorado. Since 2006, Defendant has lived primarily in Denver. He first came to Cedar Rapids in 2008, to assist with flood cleanup. He returned to Cedar Rapids in August 2010, to be near his girlfriend and their one-year old daughter.

Defendant is single and has never been married. Defendant has two children. He has a one-year old daughter with his current girlfriend in Cedar Rapids. He also has a two-month old child from a relationship with a woman in Denver.

Defendant is currently unemployed. According to Defendant, he worked for an asbestos removal company out of Denver for the past three years. He could not identify the name of the company.

Defendant is in good physical health and has no past or present mental health or emotional concerns. Defendant reports that he drinks alcohol socially about twice per month. He states that his alcohol consumption has not been problematic, but acknowledges

a 2008 conviction for driving under the influence of alcohol. Defendant also indicated that he smokes two marijuana joints per week, with his last use being about one month ago.

Defendant has a limited prior criminal record. In 2008, Defendant was convicted of driving under the influence of liquor in Colorado. The pretrial services report states that Defendant was arrested in Colorado in 2009 for "fugitive, other jurisdiction," but additional details were unavailable and the disposition of the case was unknown. As noted above, recent charges in Iowa following Defendant's arrest by the Iowa Highway Patrol were dismissed.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving

3

minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of methamphetamine, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). At the preliminary hearing, the Court found that there is probable cause to believe that the Defendant committed the offense described in the Criminal Complaint. In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id*. *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with distribution of methamphetamine. The weight of the evidence against the Defendant is strong. On August 30, 2010, Defendant was involved in a controlled drug transaction with two undercover DEA agents and a Confidential Source. During the drug transaction Defendant delivered 4 ounces of methamphetamine to the DEA agents in exchange for $6,400. Defendant is unemployed and has limited ties to the community. If indicted and convicted of the offense charged, Defendant faces a mandatory minimum of 5 years in prison. Based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds that there is probable cause that Defendant committed the offense charged in the Complaint (docket number 2).

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 5th day of October, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA